IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

AARON YANCEY BOWDEN, #228481,  )
                                )
            Plaintiff,          )
                                )
v.                              )    CIVIL ACTION NO. 2:08-CV-964-WKW
                                )                 [WO]
                                )
KATHY HOLT,                     )
                                )
            Defendant.          )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by

Aaron Yancey Bowden ["Bowden"], a state inmate, on November 30, 2008.[1]  In this

complaint, Bowden challenges the constitutionality of his confinement in the Alabama

prison system from May 8, 2005 until January 23, 2006.  Specifically, Bowden argues that

prison officials subjected him to false imprisonment  when they improperly calculated his

release date by failing to allow him jail credit of 378 days on his 3-year split sentence

imposed on April 7, 2003.  *Plaintiff's Complaint - Court Doc. No. 1* at 2-3.  Bowden names

Kathy Holt, Director of the Central Records Division of the Alabama Department of

---

[1] Although the Clerk of this court stamped the complaint "filed" on December 5, 2008, it is clear that Bowden presented the complaint to prison officials for mailing prior to this date.  A review of the pleadings indicates that Bowden executed the complaint on November 30, 2008. *Plaintiff's Complaint - Court Doc. No. 1* at 4.  The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Bowden] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers November 30, 2008 as the date of filing.

Corrections, as the defendant in this cause of action.  Bowden seeks declaratory relief and monetary damages for the alleged violation of his constitutional rights.  *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I. DISCUSSION

Bowden asserts he remained unlawfully incarcerated at the Ventress Correctional Facility from May 8, 2005 until January 23, 2006.  Bowden complains that this period of incarceration occurred due to the failure of correctional officials "to apply [378 days of] jail credit" ordered by the trial court regarding the sentence imposed on April 7, 2003 for a first degree robbery conviction.  *Plaintiff's Complaint - Court Doc. No. 1* at 4.  It is clear from the face of the complaint that the claim presented by Bowden is barred by the statute of limitations applicable to actions filed by an inmate in this court under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The allegedly unconstitutional confinement about which Bowden complains occurred from May 8, 2005 until January 23, 2006. The tolling provision of *Ala. Code* § 6-2-8(a) is unavailing. Thus, the statute of limitations began to run on January 24, 2006 and ran uninterrupted until it expired on January 24, 2008. As previously noted, Bowden filed the instant complaint on November 20, 2008. This filing occurred ***after*** the applicable period of limitation had expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants

the ... court must evaluate the merit of the claim *sua sponte*." *Id.*

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve).  "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the complaint, Bowden has no legal basis on which to proceed as he filed this cause of action more than two years after the violation which forms the basis of the complaint accrued.  As previously determined, the statutory tolling provision provides no basis for relief.  In light of the foregoing, the court concludes that Bowden's challenge to his incarceration from May 8, 2005 until January 23, 2006 is barred by the applicable statute of limitations and this claim is therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions

---

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations.

It is further

ORDERED that on or December 29, 2008 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 15th day of December, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE