IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AARON YANCEY BOWDEN, #228481, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-964-WKW |
| | ) | (WO) |
| KATHY HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

# **ORDER**

On December 15, 2008, the Magistrate Judge filed a Recommendation (Doc. # 5) that Plaintiff Aaron Yancey Bowden's ("Mr. Bowden") 42 U.S.C. § 1983 complaint challenging the constitutionality of his confinement, filed November 30, 2008, be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As the basis for dismissal, the Magistrate Judge concludes that it is apparent from the face of the complaint that the statute of limitations expired on January 24, 2008, and that "the statutory tolling provision provides no basis for relief." (Recommendation at 4.) Mr. Bowden's Objection to the Recommendation was received by the Clerk of the Court on December 24, 2008. (Doc. # 6.) Mr. Bowden principally argues that the time for him to "perfect" his § 1983 claim in this court was "unbalanced" because after January 23, 2006, he remained incarcerated on other charges and was "move[d]" twice, and that his complaint presents an issue of "exceptional importance." (Obj. at 4, 5.) Mr. Bowden does not rely upon a statutory basis for tolling, and the Magistrate Judge correctly found that § 6-2-8(a) of the Alabama Code "is unavailing" on these facts.

(Recommendation at 3). Instead, Mr. Bowden appears to argue that the court should employ equitable tolling. "Equitable tolling is applied sparingly and is an extraordinary remedy that is 'limited to rare and exceptional circumstances, such as when the State's conduct prevents the petitioner from timely filing.'" *Powe v. Culliver*, 205 F. App'x 729, 732 (11th Cir. 2006) (quoting *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005)); *see also Wallace v. Kato*, 549 U.S. 384, ___, 127 S. Ct. 1091, 1100 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."). Mr. Bowden bears the burden of proof to show entitlement to equitable tolling. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).

Applying the foregoing principles, the court finds that Mr. Bowden has not demonstrated how his transports from the state prison to the county jail and back again to the state prison (Obj. at 3) created extraordinary circumstances which precluded him from timely filing his § 1983 complaint. His mere allegation that he was not incarcerated in the same facility while the statute of limitations was running is not a difficulty that is either rare or exceptional. *See, e.g.*, *United States v. Gambini*, No. 99-225, 2002 WL 1767418, at *2 (E.D. La. July 30, 2002) (Prison "[t]ransfers . . . are hardly 'rare and exceptional' circumstances that warrant equitable tolling.").

In sum, the court having conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(C), it is ORDERED as follows:

1. Mr. Bowden's objection (Doc. # 6) is OVERRULED;

2. The Recommendation (Doc. # 5) is ADOPTED; and

3. Mr. Bowden's complaint, filed November 30, 2008, is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), as Mr. Bowden failed to file the complaint within the time prescribed by the applicable statute of limitations.

An appropriate judgment will be entered.

Done this 28th day of December, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE